IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA OCANA, | : | Civil No. 1:25-CV-00770 |
| Petitioner, | : | |
| v. | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is Petitioner Joshua Ocana's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner seeks to have his custody classification decreased to Community Custody. (Doc. 1). It appears that Petitioner has already had his custody classification changed to Community Custody. Therefore, the court will dismiss the petition as moot.

### **BACKGROUND AND PROCEDURAL HISTORY**

Petitioner initiated this action by filing the instant petition on April 28, 2025. (Doc. 1.) The court received and docketed the petition on May 2, 2025. (*Id*.) Petitioner was incarcerated at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") at the time he filed his petition. (Doc. 1.) In the petition, he seeks to have his custody classification changed to Community Custody. (*Id*.) Following payment of the filing fee in full on May 13, 2025, the court entered an order requiring Respondent to respond to the petition. (Doc. 4; Doc. 5). Respondent

1

filed a suggestion of mootness on August 20, 2025 stating that Petitioner's custody classification had already been changed to Community Custody and seeking the dismissal of the petition under the doctrine of mootness.  (Doc. 7.)  The record demonstrates that as of July 8, 2025 his custody classification was Community Custody.  (Doc. 7-4.)

## VENUE

A § 2241petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  At the time the petition was filed, Petitioner was housed at FCI-Schuylkill in Schuylkill County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).  Therefore, this court is the proper venue for the action.

## DISCUSSION

In light of Petitioner's change in custody classification, this matter is now moot and must be dismissed.  According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Petitioner sought to have his custody classification changed to Community Custody. (Doc. 1). As of July 8, 2025, his custody classification was listed as Community Custody. (Doc. 7-4). Thus, this ground for relief is now moot.

## Conclusion

For the above stated reasons, the Section 2241 petition will be dismissed as moot. The Clerk of Court will be directed to close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: February 2, 2026